UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Civil No. 05-MC-61 (JRT/FLN)

In Re the Petition
of Gan Nguyen

**REPORT AND RECOMMENDATION**

―――――――――――――――――――――――――――――

Hoang K. Tran, for Petitioner.
Robyn Millenacker, Assistant United States Attorney, for Respondent
United States Citizenship and Immigration Services.

―――――――――――――――――――――――――――――

**THIS MATTER** came before the undersigned United States Magistrate Judge on Gan Nguyen's Petition to Amend his Petition for Naturalization and Certificate of Naturalization [#1]. Petitioner seeks to amend the date of birth on his Certificate of Naturalization pursuant to 8 C.F.R. § 334.16(b). During the immigration and naturalization process, Petitioner represented his birth date as December 15, 1950. He now claims his real date of birth is March 25, 1945. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, this Court recommends Petitioner's Petition be denied and dismissed without prejudice.

**I. BACKGROUND**

According to Petitioner, he was born in Vietnam on March 25, 1945. During the Vietnam War, he lived in South Vietnam and served in the Republic of Vietnam Armed Forces. See Petition p. 2. After the fall of Saigon in May 1975, the North Vietnamese forced Petitioner into a year-long Communist reeducation camp. During his incarceration, Petitioner claimed his date of birth was

December 15, 1950. He concealed his true date of birth so that the Viet Cong could not discover his service in the Republic of Vietnam Armed Forces. Upon release from the camp, the Viet Cong issued a release certificate that listed Petitioner's date of birth as December 15, 1950.

Petitioner fled Vietnam by boat in July 1979. Petition p. 2. The only document in his possession at that time was the certificate of release issued by the Viet Cong. Petitioner used December 15, 1950, as his date of birth for the processing of his refugee papers for admission to the United States. Petition p. 3. After Petitioner arrived in the United States, he continued to use the incorrect birth date and throughout his application for naturalization proceedings, Petitioner submitted that his date of birth was December 15, 1950. See Govt. Mem. [#6] pp. 2-6. On July 20, 1989, Petitioner verified that the December 15, 1950, birth date on his application for naturalization was correct. On October 3, 1989, Petitioner was naturalized as a United States citizen in New York and he signed the naturalization certificate verifying that his date of birth is December 15, 1950. Govt. Ex. A p. 2-6. That date appears on his Certificate of Naturalization. Petition p. 3; Ex. 1.

In July 1995, Petitioner returned to Vietnam and recovered some of his personal effects, including documents that reflect his date of birth as March 25, 1945. Petition p. 3; Exs. 2-6.

Petitioner submits an application to amend his date of birth on his Petition for Naturalization and Certificate of Naturalization from December 15, 1950 to March 25, 1945.

## II. LEGAL ANALYSIS

Two regulations govern Petitioner's request to amend his Certificate of Naturalization. Title 8 C.F.R. § 334.16(b), which allows for an amendment of a petition for naturalization, provides in part: "whenever an application is made to the court to amend a petition for naturalization after final action thereon has been taken by the court, a copy of the application shall be served upon the district

director having administrative jurisdiction over the territory in which the court is located." If the application is made "to correct a clerical error arising from oversight or omission," the district director may not object to the petition. 8 C.F.R. § 334.16(b).

Under 8 C.F.R. § 338.5(e), a correction is permitted only when a certificate of naturalization does not conform to the facts shown on the application for naturalization or when a clerical error occurred in preparing the certificate. Section 338.5(e) further provides that "the correction will not be deemed to be justified where the naturalized person later alleges that the name or date of birth which the applicant stated to be his or her correct name or date of birth at the time of naturalization was not in fact his or her name or date of birth at the time of naturalization." Section 338.5(e) therefore provides that a correction is inappropriate if a person alleges after his naturalization that the date he provided at the time he was naturalized was not in fact his true date of birth.

Nonetheless, the regulations give the court the power to order amendments to the petition for naturalization. Section 334.16(b) states that "when the court orders the petition amended, the clerk of court shall transmit a copy of the order to the district director for inclusion in the service file." See also Varghai v. INS, 932 F. Supp. 1245, 1246 (D. Or. 1996).

Petitioner bears the burden of proving that the date on his Certificate of Naturalization is incorrect. See e.g., Application of Yu Hong Ting, 446 F. Supp. 203, 204 (S.D.N.Y. 1978) (quoting Petition of Konsh, 188 F. Supp. 136, 138 (E.D.N.Y. 1960)); Liu v. INS, No. 98-MC-139, 1998 WL 809037, at *2 (N.D.N.Y. Nov. 17, 1998) ("[P]etitioner must satisfy a stringent burden in order to effectuate a change in her birth date"). The regulations are resistant to amending birth dates for any reason other than clerical error on the part of the United States officials. Vargai, 932 F. Supp. at 1246. Many courts have been reluctant absent a showing of good cause, to order a change in the

official records of the government. Petition of Nathan Konsh, 188 F. Supp. at 138. "Courts have consistently refused such application absent unequivocal evidence as to the applicant's true date of birth." Liu, 1998 WL 809037, at *2 (citations omitted).

Here, the Court finds that, given the current state of the record and the questionable authenticity of the documents Petitioner presents, it is unable to determine whether Petitioner's Petition should be granted.

The Government contends that Petitioner's application should be denied because, in the 27 years since Petitioner left Vietnam, he never claimed his birth date was anything other than December 15, 1950, and that in every interview and on every immigration form throughout his immigration and naturalization proceedings, he represented that December 15, 1950 was his true birth date.

This District, however, has recently granted a petition to amend a birth date on a Certificate of Naturalization where the petitioner swore throughout his immigration and naturalization process that his year of birth was 1944 even though he knew the correct year was 1937. See Kouanchao v. U.S. Citizenship and Immigration Services, 358 F.Supp.2d 837, 838 (D. Minn. 2005). In Kouanchao, the Laotian Petitioner had obtained a false birth certificate which he used to register for high school and service in the Laotian military, and throughout his naturalization proceedings in the United States. Id. at 838. The court noted that "after fleeing a war-torn nation and possessing no documentation containing the correct date, it would have been reasonable for him to assume that confirmation of his exact birth date would have been difficult, if not impossible." Id., citing Application of Levis, 46 F.Supp. 527, 528-29 (D. Md. 1942) (granting petitioner's naturalization records even though petitioner admitted that he knew the date he gave as his birth date was not

accurate, petitioner's acts constituted "carelessness rather than wilful misrepresentation").

Here, Petitioner's situation parallels that of the petitioner in Kouanchao. Petitioner intentionally gave the Viet Cong a wrong birth date to avoid retribution for his service in the Republic of Vietnam Armed Forces. When he fled Vietnam, the only documentation he possessed was the release certificate issued by the Viet Cong which reflected the incorrect date. It was reasonable for Petitioner to believe that confirmation of his true birth date would have been impossible. The Government does not allege that Petitioner intentionally misled it or that he received any benefit by misstating his year of birth during the immigration process. Id. at 839 (citing In Re Hennig, 248 F. 990, 991 (E.D.N.Y. 1918) (granting petitioner's request to change the year of birth stated on his naturalization papers from 1879 to 1874 because the change would not affect the issuance of naturalization papers because there was nothing to indicate willful misstatement of any material fact)); see also Varghai, 932 F. Supp. at 1247 (ordering birth date to be amended after finding that petitioner's mistake made on certificate was not made with an improper motive or with the intent to commit fraud or misrepresentation). Although it would have been preferable for Petitioner to have corrected the mistake at an earlier time, the passage of time does not bar his application, and the Government has not asserted that it has suffered any prejudice from the lapse of time. See id. at 839.

An important difference remains, however, between Petitioner in the instant case and the Petitioner in Kouanchao. In Kouanchao, the genuine birth certificate the petitioner provided in support of his petition to amend his Certificate of Naturalization contained the signatures of three persons with knowledge of petitioner's birth date. The petitioner also provided affidavits from two witnesses to his birth.

Here, Petitioner has not similarly substantiated the documents he submits to establish that his birth date is actually March 25, 1945. The birth certificate he provides includes none of the certifications and affidavits found on the birth certificate in Kouanchao. The Government represents that it has not had the opportunity to review Petitioner's new documents (Pl. Ex. 1) for authenticity. See Gov't Mem. p. 10. The Government also points out that Petitioner has not complied with 8 C.F.R. § 287.6(b)(2), which requires foreign certificates, such as birth certificates, to be "attested copies," certified by an officer from the United States Foreign Service, stationed in the foreign country where the record is kept.

The Court recognizes that allowing a petitioner to amend his Certificate of Naturalization many years after its issuance based on the provision of a "genuine" birth certificate creates the opportunity for fraud. Without authentication and further certification of his original birth certificate, the Court is unable to conclude that Petitioner has demonstrated good cause to amend his Certificate of Naturalization. See Liu, 1998 WL 809037 (dismissing petition without prejudice so that petitioner could gather additional evidence when her only evidence of her true birth date was a Chinese language Household Registration Certificate accompanied by an unauthenticated translation of that document). Accordingly, the Court recommends that Petitioner's Petition be dismissed without prejudice so that he can compile the requisite authentication and demonstrate to the Court that the birth certificate he acquired from Vietnam in 1995 that reflects his birth date as March 25, 1945, is genuine.

### III. RECOMMENDATION

Based on the files, records and proceedings herein, it is **HEREBY RECOMMENDED** that Petitioner's Petition [#1] be **DENIED** and **DISMISSED without prejudice.**

DATED: June 30, 2006                          s/ *Franklin L. Noel*
                                              FRANKLIN L. NOEL
                                              United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 20, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.